### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MYLDRINE CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| OLIN CORPORATION, WINCHESTER | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

### COMPLAINT

**COMES NOW** Plaintiff, Myldrine Clark, by and through counsel, and for her Complaint against Defendant Olin Corporation, Winchester, states and alleges as follows:

1. Plaintiff, Myldrine Clark brings these claims against Olin Corporation, Winchester under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621 *et seq.*, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and the Civil Rights Act of 1991, 42 U.S.C § 1981.

### Parties

2. Plaintiff, Myldrine Clark ("Plaintiff") is a female citizen of the State of Illinois, residing in the Southern District of Illinois.

3. Defendant Olin Corporation, Winchester ("Defendant') is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Clayton, Missouri. Defendant does business in the Southern District of Illinois.

4. At all times relevant herein, Defendant maintained a manufacturing plant in East Alton, Madison County, Illinois at 600 Powder Mill Road, East Alton, Illinois 62024.

1

## Jurisdiction and Venue

5. Jurisdiction of the Court for Count I of this Complaint is based on 28 U.S.C. § 1331, in that Count I presents a federal question of original jurisdiction under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq*. Jurisdiction of this Court for Count II of this Complaint is based on 28 U.S.C. § 1331, in that Count II presents a federal question of original jurisdiction under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq*. Jurisdiction of the Court for Count III of this Complaint is based on 28 U.S.C. § 1331, in that Count III presents a federal question of original jurisdiction under the provisions of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. Jurisdiction of this Court for Count IV of this Complaint is based on 28 U.S.C. § 1331, in that Count IV presents a federal question of original jurisdiction under the provisions of the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Jurisdiction of the Court for Count V of this Complaint is based on 28 U.S.C. § 1331, in that Count V presents a federal question of original jurisdiction under the provisions of the Civil Rights Act of 1991, 42 U.S.C. § 1981.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, in that Defendant resides in the Southern District of Illinois and the events and/or omissions giving rise to the claims in this action occurred in the Southern District of Illinois.

## Administrative Steps

7. On September 21, 2017, Plaintiff filed an Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC") alleging race, sex, and age discrimination. See Ex. 1 attached hereto.

8. On February 5, 2018, Plaintiff filed a Charge of Discrimination with the EEOC alleging race, sex, and age discrimination and retaliation based on the allegations raised in her

Intake Questionnaire. The EEOC docketed Plaintiff's Charge on April 2, 2018 as Charge No. 560-2017-02078. See Ex. 2 attached hereto.

9. On May 23, 2019, Plaintiff filed an amended Charge of Discrimination with the EEOC bearing Charge No. 560-2017-02078, alleging sex discrimination, retaliation, and violations of the Equal Pay Act. See Ex. 3 attached hereto.

10. On January 5, 2021, Plaintiff complained to the Illinois Department on Human Rights ("IDHR") that Defendant had discriminated against her based on her race, sex, and age. See Ex. 4 attached hereto.

11. On or about July 30, 2021, the EEOC issued Plaintiff a Notice of Right to Sue for Charge No. 560-2017-02078. See Ex. 5 attached hereto.

12. This Complaint is filed within ninety (90) days of July 30, 2021.

13. Plaintiff brings her cause of action for unequal pay within two (2) years of receiving a discriminatory paycheck.

14. Plaintiff brings her cause of action for race discrimination and retaliation in violation of 42 U.S.C. § 1981 for failing to promote Plaintiff to General Foreman in 2019 within four (4) years of the discriminatory conduct.

15. Plaintiff exhausted all administrative prerequisites to suit.

## General Factual Allegations

16. Plaintiff began working for Defendant in 1992 as a B Operator. In approximately 2009, Defendant promoted Plaintiff to Primer Foreman. Plaintiff currently remains employed in that position.

17. At all times relevant herein, Plaintiff performed and continues to perform the duties and responsibilities of her job in a satisfactory manner and continues to meet Defendant's

legitimate expectations.

18. Plaintiff's race is African-American.

19. Plaintiff's sex is female.

20. Plaintiff's date of birth is December 14, 1964.

21. Plaintiff is one of only two African American females over the age of forty who hold the title of Primer Foreman.

22. As Primer Foreman, Plaintiff reports to the General Foreman. Despite this relationship, Plaintiff performs most of the same general job duties as the General Foreman does, but has never received an increased paycheck for this work. When a new General Foreman is hired, Defendant requires Plaintiff to help train the new General Foreman.

23. Since 2011, Defendant has selected and promoted five different individuals to the position of General Foreman. These selections were made in June 2011, June 2014, February 2017, August 2017, and November 2019.

24. On each occasion, Defendant has selected and promoted a Caucasian male to General Foreman.

25. On one or more occasions, the Caucasian male selected and promoted to General Foreman has been younger than Plaintiff.

26. As of October 1, 2021, Defendant has an open General Foreman position.

27. Each time Defendant selected and promoted a new General Foreman, Defendant failed to conduct a formal selection process, failed to consider any other candidates for the position, and failed to promote Plaintiff.

28. Plaintiff was and is more qualified or at least as qualified as every individual Defendant selected and promoted to General Foreman.

29.     On one or more occasions, Plaintiff complained to Defendant, the EEOC, and to the IDHR about the discriminatory selection and promotion process.

30.     Throughout Plaintiff's employment as Primer Foreman, Defendant has paid male employees more than Plaintiff. These male employees perform substantially similar jobs to Plaintiff and are engaged in jobs which require equal skill, effort, and responsibility under similar working conditions as Plaintiff performs.

31.     In September 2017, Plaintiff completed an intake questionnaire with the EEOC alleging race, sex, and age discrimination.

32.     On February 5, 2018, the EEOC docketed Plaintiff's intake questionnaire as a Charge of Discrimination. The charge alleged race, sex and age discrimination and retaliation.

33.     On May 23, 2019, Plaintiff filed an amended Charge of Discrimination with the EEOC based on Defendant's retaliatory conduct and the aforementioned pay inequity.

34.     On January 5, 2021, Plaintiff complained to the IDHR that Defendant had discriminated against her based on her race, sex, and age.

35.     To date and on an ongoing basis, Defendant continues to engage in the same and/or similar discriminatory and retaliatory conduct as set forth above.

**Count I**
**Race Discrimination and Retaliation**
**In Violation of Title VII of the Civil Rights Act of 1964**

36.     Plaintiff re-alleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

37.     Defendant is a "person" within the meaning of 42 U.S.C § 2000e(a).

38.     Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) in that it is a person engaged in an industry affecting commerce who has fifteen or more employees for

each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

39. At all times relevant herein, Plaintiff is an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f).

40. Plaintiff's race, African American, is a protected class within the meaning of 42 U.S.C. § 2000e *et seq*.

41. Defendant failed to consider Plaintiff for and passed over Plaintiff for promotion to General Foreman on several occasions, including one in February 2017, one in August 2017, and one in November 2019, and took adverse employment actions against her because of her race. Such conduct and actions violate 42 U.S.C. § 2000e *et seq*.

42. On one or more occasions, Plaintiff complained to the EEOC, the IDHR, and Defendant that she was being discriminated against based on her race.

43. Throughout Plaintiff's employment, she performed and continues to perform her job in accordance with Defendant's legitimate expectations.

44. Although Plaintiff has and continues to perform her job in accordance with Defendant's legitimate expectations, Plaintiff suffered and continues to suffer material adverse employment actions as a result of Defendant's failure to promote her or even consider her for promotion to General Foreman.

45. Defendant discriminated against and continues to discriminate against Plaintiff and treat her in a less favorable manner than it treats Caucasians when choosing whom to promote. Such conduct and actions violate 42 U.S.C. § 2000e *et seq*.

46. Despite Plaintiff's complaints and reports of discrimination to Defendant, the EEOC, and IDHR because of her race, Defendant continues to take adverse employment action

against Plaintiff by failing to consider her for promotion and failing to promote her. Such conduct and actions constitute retaliation in violation of 42 U.S.C. § 2000e(3-a).

47. Since June 2011 and continuing through the present, Defendant has engaged in a closely related pattern of ongoing race discrimination and retaliation that constitutes a continuing violation.

48. Plaintiff's race is a motivating factor in Defendant's conduct and actions towards Plaintiff.

49. Plaintiff's reports and/or complaints of discrimination based on her race are motivating factors in Defendant's conduct and actions towards her.

50. As a direct and proximate result of Defendant's discriminatory and retaliatory actions as alleged herein, Plaintiff has sustained and will continue to sustain lost wages and benefits of employment.

51. As a direct and proximate result of Defendant's discriminatory and retaliatory actions as alleged herein, Plaintiff has suffered and will continue to suffer emotional and mental distress and anguish.

52. As a direct and proximate result of Defendant's discriminatory and retaliatory actions as alleged herein, Plaintiff has incurred and will continue to incur attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiff prays that the Court, enter judgment in her favor and against Defendant on her claims of race discrimination and retaliation, in amounts to be determined at trial, for economic losses, including prejudgment interest; for compensatory damages, including damages for emotional and mental distress and anguish; for equitable relief, including front pay; for injunctive relief, including an Order that Defendant cease and desist

from discriminating and retaliating against Plaintiff and other African American employees; for attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

## Count II
## Sex Discrimination and Retaliation
## In Violation of Title VII of the Civil Rights Act of 1964

53. Plaintiff re-alleges and incorporates paragraphs 1 through 35 as if fully set forth herein

54. Defendant is a "person" within the meaning of 42 U.S.C § 2000e(a).

55. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) in that it is a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

56. At all times relevant herein, Plaintiff was and is an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f).

57. Plaintiff's sex, female, is a protected class within the meaning of 42 U.S.C. § 2000e *et seq*.

58. Defendant failed to consider Plaintiff for and failed to promote Plaintiff to General Foreman on several occasions, including one in February 2017, one in August 2017, and one in November 2019, and took adverse employment action against her because of her sex. Such conduct and actions violate 42 U.S.C. § 2000e *et seq*.

59. On one or more occasions, Plaintiff complained to Defendant, the EEOC, and the IDHR that she was being discriminated against based on her sex.

60. Throughout Plaintiff's employment, Plaintiff performed and continues to perform her job in accordance with Defendant's legitimate expectations.

61. Although Plaintiff has and continues to perform her job in accordance with Defendant's legitimate expectations, Plaintiff suffered and continues to suffer material adverse employment actions as a result by Defendant's failure to consider her for promotion or to promote her to General Foreman.

62. Defendant treated and continues to treat Plaintiff in a less favorable manner than it treats males when choosing whom to promote to General Foreman. Plaintiff's sex is a motivating factor in Defendant's failure and refusal to promote her to General Foreman. Such conduct and actions violate 42 U.S.C. § 2000e *et seq*.

63. Despite Plaintiff's complaints and reports of discrimination to the EEOC and Defendant based on her sex, Defendant continues to take adverse employment action against Plaintiff by failing to consider Plaintiff and for failing to promote her to General Foreman. Such conduct and actions constitute retaliation in violation of 42 U.S.C. § 2000e(3-a).

64. Since June 2011 and continuing through the present, Defendant has engaged in a closely related pattern of ongoing sex discrimination and retaliation that constitutes a continuing violation.

65. Plaintiff's sex is a motivating factor in Defendant's conduct and actions towards Plaintiff.

66. Plaintiff's reports and/or complaints of discrimination based on her sex are motivating factors in Defendant's conduct and actions towards her.

67. As a direct and proximate result of Defendant's discriminatory and retaliatory actions as alleged herein, Plaintiff has sustained and will continue to sustain lost wages and

benefits of employment.

68. As a direct and proximate result of Defendant's discriminatory and retaliatory actions as alleged herein, Plaintiff has suffered and will continue to suffer emotional and mental distress and anguish.

69. As a direct and proximate result of Defendant's discriminatory and retaliatory actions as alleged herein, Plaintiff has incurred and will continue to incur attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiff prays that the Court, enter judgment in her favor and against Defendant on her claims of sex discrimination and retaliation, in amounts to be determined at trial, for economic losses, including prejudgment interest; for compensatory damages, including damages for emotional and mental distress and anguish; for equitable relief, including front pay; for injunctive relief, including an Order that Defendant cease and desist from discriminating and retaliating against Plaintiff and other female employees; for attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

### Count III
### Age Discrimination and Retaliation
### In Violation of Age Discrimination in Employment Act of 1967

70. Plaintiff re-alleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

71. Defendant is a "person" within the meaning of 29 U.S.C. § 630(a).

72. Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b) in that it is a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

73. At all times relevant herein, Plaintiff is an "employee" of Defendant within the

meaning of 29 U.S.C. § 630(f).

74. Plaintiff's age, 56, is a protected class withing the meaning of 29 U.S.C. § 631(a).

75. On one or more occasions, Defendant failed to consider Plaintiff for or to promote Plaintiff to General Foreman and thereby took adverse employment action against Plaintiff. But for her age, Plaintiff would have been selected for the position of General Foreman. Such conduct and actions by Defendant violate 29 U.S.C. § 621 *et seq*.

76. On one or more occasions, Plaintiff complained and/or reported that she was being mistreated based on her age to the EEOC and Defendant.

77. Throughout Plaintiff's employment, she performed her job in accordance with Defendant's legitimate expectations.

78. Although Plaintiff has and continues to perform her job in accordance with Defendant's legitimate expectations, Plaintiff suffered and continues to suffer material adverse employment action as a result.

79. Defendant treated and continues to treat Plaintiff in a less favorable manner than it treats younger candidates for General Foreman. Such conduct and actions violate 29 U.S.C. § 621 *et seq*.

80. Despite Plaintiff's complaints and reports to the EEOC, the IDHR, and Defendant that she was being discriminated against based on her age, Defendant continues to take adverse employment actions against Plaintiff by continually failing to consider Plaintiff for and failing to promote Plaintiff to General Foreman. Such conduct and actions constitute retaliation in violation of 29 U.S.C. § 623(d).

81. Since June 2011 and continuing through the present, Defendant has engaged in a pattern of ongoing age discrimination and retaliation that constitutes a continuing violation.

82. Defendant's conduct was willful.

83. But for Plaintiff's age, Defendant would have considered her for and promoted Plaintiff to General Foreman.

84. But for Plaintiff reports and/or complaints about being discriminated against based on her age, Defendant would have considered Plaintiff for and/or promoted Plaintiff to General Foreman.

85. As a direct and proximate result of Defendant's failure to promote Plaintiff, Plaintiff has sustained and will continue to sustain lost wages and benefits of employment.

86. As a direct and proximate result of Defendant's failure to promote Plaintiff, Plaintiff has incurred and will continued to incur attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiff prays that this Court, after trial by jury, find for Plaintiff and against Defendant on her claims of age discrimination and retaliation, and enter judgment for Plaintiff for her lost wages and benefits of employment, and prejudgment interest on same; for front pay; additional and double damages for willfulness; attorney's fees and costs of litigation; and for equitable and injunctive relief, including an injunction ordering that Defendant cease its policy of failing to promote older employees; and for such other relief that this Court deems just and proper.

### Count IV
### Sex Discrimination
### In Violation of the Equal Pay Act of 1963

87. Plaintiff re-alleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

88. Defendant is a "person" within the meaning of the Equal Pay Act, 29 U.S.C § 203(a).

89. Defendant is an "employer" within the meaning of the Equal Pay Act, 29 U.S.C § 203(d).

90. At all times relevant herein, Plaintiff is an "employee" of Defendant within the meaning of the Equal Pay Act, 29 U.S.C. § 203(e).

91. Defendant discriminated against Plaintiff based on her sex by paying her less than it pays male employees who perform the same or a substantially similar job requiring equal skill, effort, and responsibility under similar working conditions in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

92. As a direct and proximate cause of Defendant's violations of the Equal Pay Act, Plaintiff was harmed.

93. Defendant's conduct was willful.

**WHEREFORE**, Plaintiff asks the Court to enter judgment in her favor and against Defendant on her claim for sex discrimination under the Equal Pay Act in an amount to be established at trial for the appropriate amount of backpay, liquidated damages, attorneys' fees, costs of litigation, and such further relief as the Court deems appropriate.

### Count V
### Race Discrimination and Retaliation
### In Violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981

94. Plaintiff realleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

95. Plaintiff's race is African American.

96. Plaintiff's race is a protected minority within the meaning of 42 U.S.C. § 1981.

97. Defendant failed to consider Plaintiff for and failed to promote Plaintiff to General Foreman on several occasions since 2011, and took adverse employment action against

her because of her race.

98. Most recently, in November 2019, Defendant failed to consider Plaintiff for and failed to promote Plaintiff to General Foreman because of her race.

99. But for Plaintiff's race, Defendant would have considered Plaintiff for and would have promoted Plaintiff to General Foreman.

100. Defendant discriminated against Plaintiff by denying her full and equal benefits of the law in violation of 42 U.S.C. § 1981.

101. On January 5, 2021, Plaintiff complained to the IDHR that Defendant had discriminated against her base on her race.

102. Despite Plaintiff's complaints and reports to the IDHR and Defendant that she was being discriminated against based on her race, Defendant continues to take adverse employment action against Plaintiff by continually failing to consider Plaintiff for and failing to promote Plaintiff to General Foreman.

103. But for Plaintiff's complaint to the IDHR that she had been discriminated against based on her race, Defendant would have promoted her to General Foreman.

104. Such action constitutes illegal retaliation in violation of 42 U.S.C. § 1981.

105. Defendant engaged in discriminatory conduct with malice or with reckless indifference to Plaintiff's federal protected rights.

106. As a direct and proximate result of Defendant's discriminatory and retaliatory actions as alleged herein, Plaintiff has sustained and will continue to sustain lost wages and benefits of employment.

107. As a direct and proximate result of Defendant's discriminatory and retaliatory actions as alleged herein, Plaintiff has suffered and will continue to suffer emotional and mental

distress and anguish.

108.  As a direct and proximate result of Defendant's malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff may recover punitive damages.

**WHEREFORE**, Plaintiff prays that the Court, enter judgment in her favor and against Defendant on her claims of race discrimination and retaliation under section 1981, in amounts to be determined at trial, for economic losses, including prejudgment interest; for compensatory damages, including damages for emotional and mental distress and anguish; for equitable relief, including front pay; for injunctive relief, including an Order that Defendant cease and desist from discriminating and retaliating against Plaintiff and other African American employees; for punitive damages; and for such further relief as the Court deems just and proper.

Respectfully submitted,

DOBSON, BERNS & RICH, LLP

By: /s/ Adam D. Rosenberg
 Adam D. Rosenberg, #72375MO
 arosenberg@dbrstl.com
 Jerome J. Dobson, #32099MO
 *Pro Hac Vice Application Forthcoming*
 jdobson@dbrstl.com
 5017 Washington Place, Suite 300
 St. Louis, MO 63108
 (314) 621-8363
 (314) 621-8366 (fax)

***Attorneys for Plaintiff***