IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MYLDRINE CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-1357-DWD |
| | ) |
| OLIN WINCHESTER, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Strike Plaintiff's Unauthorized Allegations and Requests for Punitive Damages from the Second Amended Complaint ("Motion") (Doc. 54). Plaintiff filed a Response in Opposition to the Motion (Doc. 58). As explained below, the Motion is **GRANTED**. Plaintiff's unauthorized allegations and requests for punitive damages are **STRICKEN** from the Second Amended Complaint.

### I. BACKGROUND

Plaintiff is an African American female who worked at Defendant's East Alton, Illinois, manufacturing plant. (Doc. 1, pg. 1). Plaintiff began working for Defendant in 1992 as a B Operator. (Doc. 1, pg. 3). In 2011, Plaintiff was promoted by Defendant to Primer Foreman. (Doc. 60, pg. 1). She was employed in that position at the time this action was filed. (Doc. 60, pg. 1). Plaintiff alleges that Defendant has promoted several individuals to the position of General Foreman since 2011. (Doc. 1, pg. 4). Plaintiff also alleges that Defendant failed to conduct a formal selection process and promoted a Caucasian male on each occasion. (Doc. 1, pg. 4).

Plaintiff initially alleged race, sex, and age discrimination on September 21, 2017, when she filed an Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC") (Doc. 1, pg. 2). On February 5, 2018, Plaintiff filed a Charge of Discrimination with the EEOC alleging race, sex, and age discrimination, as well as retaliation, based on the allegations raised in her Intake Questionnaire. (Doc. 1, pgs. 2-3). The EEOC docketed Plaintiff's Charge on April 2, 2018, as Charge No. 560-2017-02078. (Doc. 1, pgs. 2-3). On May 23, 2019, Plaintiff amended that charge to allege sex discrimination, retaliation, and violations of the Equal Pay Act. (Doc. 1, pg. 3). On January 5, 2021, Plaintiff made similar charges of race, sex, and age discrimination to the Illinois Department on Human Rights ("IDHR"). (Doc. 1, pg. 3). On July 30, 2021, the EEOC responded to Charge No. 560-2017-02078 by issuing Plaintiff a Notice of the Right to Sue. (Doc. 1, pg. 3).

Plaintiff filed this action on October 28, 2021, within 90 days of July 30, 2021. (Doc. 1, pg. 3). Count I of the Complaint alleges race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1, pg. 5). Count II of the Complaint alleges sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1, pg. 8). Count III of the Complaint alleges age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967. (Doc. 1, pg. 10). Count IV of the Complaint alleges sex discrimination in violation of the Equal Pay Act of 1963. (Doc. 1, pg. 12). Count V of the Complaint alleges race discrimination and retaliation in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981. (Doc. 1, pg. 13).

On May 5, 2022, Plaintiff filed a First Amended Complaint (Doc. 31), adding Count VI for race discrimination and retaliation in violation of the Illinois Human Rights Act. (Doc. 31, pg. 17). On April 5, 2023, when a Motion for Summary Judgment (Docs. 38 & 39) was pending, Plaintiff filed a Motion to Dismiss Counts III, IV, and V (Doc. 47) of the First Amended Complaint. In response to the filing of that Motion, the Court entered the following order:

> ORDER regarding Plaintiff's Motion to Dismiss Counts III, IV, and V (Doc. 47) of the First Amended Complaint (Doc. 31). The Seventh Circuit has made clear that the proper vehicle for adding or dropping individual parties or claims is a motion for leave to amend the complaint under Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a); *Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015); *accord Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F. 4th 555, 559 n. 4 (7th Cir. 2021) ("[W]e again remind parties and district courts that Rule 15(a) is the better course for voluntarily dismissing individual parties or claims."). Accordingly, construed as a motion to dismiss, the Motion at Doc. 47 is **DENIED**. However, construed as a Motion for Leave to Amend the First Amended Complaint under Rule 15(a), the Motion at Doc. 47 is **GRANTED**. Any objection to this course of action, by either party, shall be in writing and filed on or before **April 13, 2023**. If no objection is filed, then Plaintiff is **DIRECTED** to file a Second Amended Complaint on or before **May 8, 2023**.

(Doc. 51).

No party filed an objection, as contemplated by the Order at Doc. 51. Therefore, on May 3, 2023, Plaintiff filed a Second Amended Complaint (Doc. 53), leaving Counts I, II, and VI as the only remaining claims. In the Second Amended Complaint, Plaintiff also added allegations of and prayers for relief for punitive damages in relation to Counts I and II. On May 11, 2023, Defendant filed the instant Motion, arguing the amendments contravened Rule 15(a)(2) and exceeded the scope of the Court's Order at Doc. 51.

## II. Applicable Law

Federal Rule of Civil Procedure 12(f) allows the Court to strike "redundant, immaterial, impertinent, or scandalous matter" from a complaint, but motions to strike are generally disfavored. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to Strike are generally disfavored because they potentially serve as a tactic to delay. See *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir.1975). However, one exception to that general rule exists when a plaintiff does not request leave to amend the complaint. Indeed, the "[f]iling [of] an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity." *Friedman v. Vill. of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985); *accord Geitz v. Lane*, No. 88-2601, 946 F.2d 897 (Table), 1991 WL 209655, *1 (7th Cir. Oct. 17, 1991); *T.G. ex rel. Mr. & Mrs. T.G. v. Midland School Dist. 7*, No. 9-cv-1392, 2010 WL 4236802, *2 (C.D. Ill. Sept. 30, 2010).

## III. ANALYSIS

Here, Plaintiff incorrectly attempted to dismiss Counts III, IV, and V through a Motion to Dismiss. (Docs. 47 & 51). Nevertheless, construing the Motion to Dismiss as a Motion for Leave to Amend the First Amended Complaint, the Court granted the Motion to Dismiss at Doc. 47 and directed Plaintiff to file a Second Amended Complaint by a date certain. (Doc. 51). As a result, the leave to amend granted by the Court extended only to the removal of Counts III, IV, and V from the First Amended Complaint, as requested by Plaintiff in the Motion to Dismiss at Doc. 47. Plaintiff did not ask for and was not granted leave to amend in any other fashion. By including additional amendments, Plaintiff

4

clearly exceeded the scope of the Court's grant of leave to amend. This is a basic violation of the Federal Rules of Civil Procedure, as "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A complaint that is amended without consent or leave of the Court should appropriately be struck, and "to hold otherwise would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint." *Miller-Bey v. Williams*, No. 21-cv-272, 2021 WL 3286666, *2 (E.D. Mo. Aug. 2, 2021) (quoting *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007)).

In her Response to the instant Motion, Plaintiff, after the fact, requests that the Court grant her leave to include the punitive damages allegations and prayers for relief in the Second Amended Complaint. (Doc. 58, pg. 3). Courts "should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). However, leave must be requested before any amendment is filed. Here, Plaintiff did not request leave to add a request for punitive damages before the First Amended Complaint was amended, but rather has requested leave retroactively. Again, when an amendment is filed without consent or leave of the Court, the amendment is considered null. *See Friedman*, 763 F.2d at 239; *Geitz*, 1991 WL 209655 at *1; *T.G. ex rel. Mr. & Mrs. T.G.*, 2010 WL 4236802 at *2. Notable, too, is the fact that the Court had to enter a Case Management Order to allow Plaintiff to remove Counts III, IV, and V from the First Amended Complaint in the first place. (Doc. 52). More specifically, the procedural posture required the Court to deny Defendant's pending Motion for Summary Judgment (Docs. 38 & 39) as moot, reset the dispositive motion deadline, and reschedule the Final Pretrial Conference and Trial. (Doc. 52). For these

reasons, the Court finds it must strike the additional allegations and prayers for relief in their entirety.

Accordingly, the instant Motion is **GRANTED**. The Court **STRIKES** the following allegations and requests for relief from Plaintiff's Second Amended Complaint: (1) Paragraph 63; (2) the request for "punitive damages" in the WHEREFORE clause under Count I; (3) Paragraph 81; and (4) the request for "punitive damages" in the WHEREFORE clause under Count II.

**SO ORDERED.**

Dated: November 9, 2023.

                                                              s/ *David W. Dugan*
                                                              ────────────────────────
                                                              DAVID W. DUGAN
                                                              United States District Judge